**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-31182

MERLIN C. GUILBEAU,

Plaintiff-Appellant,

versus

PARISH OF ST. LANDRY; ST. LANDRY PARISH GOVERNMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:06-CV-185

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Merlin Guilbeau obtained a state-court judgment against St. Landry Parish for injuries he received in an accident on a negligently-maintained road, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was never paid.  He sued under 42 U.S.C. § 1983, claiming that the refusal to pay, based on LA. REV. STAT. § 13:5109(B)(2), violated the Fourteenth Amendment's Due Process Clause and that  the Highway Safety Act of 1966, 23 U.S.C. § 402, preempts the state statute.  After a bench trial, the district court denied relief.

The constitutional argument is foreclosed by *Minton v. St. Bernard Parish School Board*, 803 F.2d 129, 132 (5th Cir. 1986).  There is no preemption merely because Congress enacted a statute to promote highway safety.

The judgment is AFFIRMED, essentially for the reasons given by the district court in its comprehensive ruling.